IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES WARREN, JR., #507-850          *
    Petitioner
                                  *
    v.                                      CIVIL ACTION NO. DKC-07-372
                                  *
WARDEN
    Respondent                *
                                ******

**MEMORANDUM**

On February 12, 2007, Petitioner James Warren, Jr. filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for attempted murder and related offenses entered in 1996 by the Circuit Court for Baltimore City, Maryland. Paper No. 1. On May 3, 2007, Respondents filed an answer to Petitioner's application which solely addresses the timeliness of the application. Paper No. 6. Pursuant to this court's Order of May 29, 2007, Petitioner was granted thirty (30) days to reply stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 7. Petitioner has filed a reply. Paper No. 8.

Petitioner was convicted on March 5, 1996, after a jury trial conducted in the Circuit Court for Baltimore City, Maryland, of attempted second degree murder, assault, reckless endangerment, use of a handgun in a crime of violence, and unlawfully wearing or carrying a handgun. Paper No. 6, Exs. 1 and 2. He was sentenced to a thirty-year term of imprisonment for attempted second degree murder and a consecutive twenty-year term for use of a handgun. *Id*. Petitioner's convictions were affirmed by the Court of Special Appeals of Maryland on July 23, 1997. *Id*., Ex. 2. The Court of Appeals of Maryland denied Petitioner's writ of certiorari on November 13, 1997. *Id*., Ex. 3. Further review was denied by the United States Supreme Court on March 9, 1998. *Id*., Ex.

4.

On August 4, 2003, Petitioner filed a collateral attack on his convictions pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. The post-conviction petition was denied on May 27, 2005. *Id*., Ex. 1. Petitioner's application for leave to appeal the denial of post-conviction relief was denied in an unreported decision on October 26, 2005. *Id.,* Ex. 5. Petitioner's motion for reconsideration was denied and the court's mandate issued on November 30, 2005. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C. § 2244(d).[1] This one year period is, however, tolled while properly filed post-conviction proceedings

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2);. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on March 9, 1998, when his petition for writ of certiorari was denied by the United States Supreme Court. Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period from March 9, 1998 to August 4, 2003 (the date he instituted collateral review of his convictions), a period in excess of five years. Additionally, he had no proceedings pending which would have tolled the limitations period from the denial of his application for leave to appeal the denial of post-conviction relief entered on November 30, 2005, to the institution of the instant case on February 12, 2007, a period in excess of one year. *See* 28 U.S.C. § 2244(d)(2).

The doctrine of equitable tolling may be asserted to excuse a petitioner's failure to comply with a statute of limitations such as the one-year limitations period set out in AEDPA. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the defendant's acts prevent the plaintiff from asserting the claim, or where extraordinary circumstances beyond the plaintiff's control prevent plaintiff from filing a timely claim. *Id.*, (quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Plaintiff argues that the statute of limitations should be tolled because he has completed the ninth grade and lacks knowledge of the law. Paper No. 8. Lack of knowledge of the law is not the

---

subsection.

type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable toling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation). Accordingly, a separate order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).


| \_\_\_July 25, 2007\_\_\_ | _____/s/_____ |
|---|---|
| Date | DEBORAH K. CHASANOW |
| | United States District Judge |